# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:12-cr-98-WTL-MJD** |
| | ) | |
| **WILLIAM BOSWELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

On November 15, 2013, the Court held a Sentencing Hearing and the Defendant William Boswell was sentenced at that time. (Dkt. No. 61). Prior to the hearing, Boswell alleged an objection to the Presentence Investigation Report ("PSR") prepared by the United States Probation Office regarding his status under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The objection was noted in the Supplemental Addendum to the PSR prepared on October 23, 2013. (Dkt. No. 59). During the Sentencing Hearing, Boswell asserted additional objections to the PSR. The Court ruled on each of the objections during the Sentencing Hearing. For explanation purposes, each objection is further discussed below.

## DEFENDANT'S OBJECTION REGARDING ACCA

Because Boswell has several prior violent felonies, the PSR recommended that he be sentenced under ACCA. Boswell, however, argued that he should not be sentenced under ACCA for the following reasons:

1. He was sixteen years old when he committed the aggravated battery offenses in Florida, the charges were originally filed in juvenile court, and although the charges were waived to adult criminal court, he was sentenced under Florida's Youthful Offender Act.

2. He was never notified in writing regarding the ACCA enhancement (i.e., it was not included in the indictment).

3. His prior convictions must be proven to a jury and not decided by a judge.

4. The charging Information for one of his Florida aggravated battery convictions states that Boswell hit John Bradley *and/or* Kevin Chambers on June 20, 1998 with a metal pipe or wooden stick. He maintains that the "and/or" language is not specific enough to render the aggravated battery conviction an ACCA predicate offense.

5. There was no intervening arrest or conviction between the Florida aggravated battery convictions, he was charged under the same Information for both crimes, and his convictions were not obtained on separate occasions. Thus, they should not be counted as separate crimes of violence under ACCA.

Each of these objections is discussed below.

### 1. Convictions Under Florida's Youthful Offender Act

The Defendant objected to his classification as an Armed Career Criminal as noted in paragraph 17 of the presentence investigation report, because he was sixteen years old when he committed the Florida offenses, the charges were originally filed in juvenile court, and although the charges were waived to adult criminal court, he was sentenced under Florida's Youthful Offender Act.

Under Florida's Youthful Offender Act a Florida "court may sentence as a youthful offender any person . . . [w]ho is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court"—that is, adult criminal court. Fla. Stat. § 958.04(1)(a). Although Boswell was subject to less severe penalties under the Act, he was nonetheless treated as an adult and sentenced as an adult by the Florida Circuit Court. The Eleventh Circuit has confirmed the adult-nature of Florida's Youthful Offender Act on several occasions. For example, in *United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006), the court held that a defendant's prior convictions for aggravated assault, grand theft, burglary with assault, and

strongarm robbery when he was fourteen years old supported the application of the ACCA, despite the fact that the defendant was sentenced as a youthful offender, because the defendant was sentenced in adult court and was otherwise treated as an adult criminal. *Id.* at 1243; *See also United States v. Cortes*, 427 Fed.Appx. 803, 806-807 (11th Cir. 2011) ("Nothing in Florida's youthful offender statute suggests that a youthful offender's conviction in the criminal division of the Florida Circuit Court is not an adult conviction under Florida law.").

The Seventh Circuit also considered and rejected a similar argument in *United States v. Salahuddin*, 509 F.3d 858 (7th Cir. 2007). In that case, the defendant argued that his armed robbery offenses, committed when he was a juvenile, were not ACCA predicate offenses. Like Boswell, the defendant in *Salahuddin* was waived to and convicted in adult court. Citing *Wilks*, the Seventh Circuit held that the argument was entirely without merit.

Because Boswell was treated as an adult and convicted in adult criminal court, his objection on this ground was overruled.

### 2. Written Notification of ACCA Enhancement

Boswell argued that the ACCA enhancement is inappropriate because he was never notified in writing that he was ACCA-eligible. Specifically, Boswell maintained that the Government should have included the ACCA language in the charging document. Such a requirement, however, is not necessary.

The Seventh Circuit noted in *United States v. Hardy*, 52 F.3d 147 (7th Cir. 1995) that "[n]either § 924(e) nor U.S.S.G. § 4B1.4 require that any notice be given a defendant subject to an increased sentence as an armed career criminal." *Id.* at 150. Rather, "only notice necessary to satisfy constitutional requirements must be given. Due process requires that a defendant receive reasonable notice and an opportunity to be heard regarding a sentence increase for recidivism."

*Id.* (citations omitted). In *Hardy*, the defendant "did not receive *formal* notice until the day of sentencing that he could be sentenced as an armed career criminal." *Id.* (emphasis in original). However, he received "actual notice" during plea negotiations prior to trial, and the ACCA enhancement was addressed in his PSR "well before sentencing." *Id.* Although the Government *formally* notified the Court and the defendant "just before actual sentencing," the court concluded that the defendant received "constitutionally adequate notice." *Id.* The court also noted that the ACCA enhancement "was not a surprise sprung on him just before sentencing;" rather, the defendant "argued in detail before sentencing against the § 4B1.4 sentence increase." *Id.*

In this case, the Court notes that Boswell was aware that he may be subject to an enhancement under ACCA as of April 12, 2013—three months before trial. In a motion to continue trial date, Boswell's counsel notified the Court that the parties had "been operating under the assumption that the defendant is not eligible to be sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e). However, it now appears that assumption may be incorrect." (Dkt. No. 27). As a result, Boswell's counsel requested additional time "to research the defendant's prior record, the charging documents, and the law pertaining to the prior offenses to determine whether or not Mr. Boswell qualifies as an Armed Career Criminal." *Id.* In addition, the ACCA enhancement was addressed in Boswell's PSR, which was distributed to the parties on October 2, 2013—one month before sentencing. Indeed, Boswell submitted an objection to the ACCA enhancement prior to the Sentencing Hearing and further contested the application of the ACCA at the hearing.

In light of the foregoing, the Court found that Boswell received constitutionally adequate notice that he was ACCA-eligible—that is, he received reasonable notice and an opportunity to be heard regarding the issue. Accordingly, Boswell's objection on this ground was overruled.

### 3. Judicial Fact-Finding Under ACCA

Boswell further argued that pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), his prior convictions must be proven to a jury and not decided by a judge. The holding in *Alleyne*, however, does not go as far as Boswell contends. Under the current status of the law, prior convictions need not be presented to a jury even if they are used to enhance a defendant's sentence. *Almendarez-Torres v. United States*, 523 U.S. 224, 241-46 (1998); *see also United States v. Elliot*, 703 F.3d 378, 381 (7th Cir. 2012) ("[A] defendant's recidivism is not an element of the offense which must be found by a jury beyond a reasonable doubt, but rather is a sentencing factor that may be found by the sentencing judge, even when recidivism increases the statutory maximum penalty to which the defendant is exposed."), *United States v. Pollard*, 282 Fed. Appx. 463, 465 (7th Cir. 2008) ("Although we have questioned the validity of the *Almendarez-Torres* rule after *Apprendi* and *Booker*, . . . that issue can only be answered by the Supreme Court. . . . We have repeatedly rejected this argument, and until the Supreme Court overrules *Almendarez-Torres,* it can fare no better here."). As such, Boswell's objection was overruled.

### 4. Specificity of Charging Information

Boswell also claimed that the charging Information for one of his Florida aggravated battery convictions is not specific enough to make the crime an ACCA-predicate offense. In particular, Boswell takes issue with the following language: On June 20, 1998, "[Boswell] hit John Bradley *and/or* Kevin Chambers with a metal pipe or wooden stick." PSR at ¶ 22 (emphasis

added). Clearly, the "and/or" language relates to the identity of the victim. The identity of the victim, however, is not a critical fact under ACCA. Rather, the *way* in which Boswell committed the offense is determinative of whether it is a crime of violence under ACCA. 18 U.S.C. § 924(e)(2)(B); *see also United States v. Taylor*, 630 F.3d 629, 634 (7th Cir. 2010). Boswell was convicted of aggravated battery because he used a deadly weapon (a metal pipe or a wooden stick) on another individual. Boswell did not dispute this—i.e., he did not contest the *way* in which he committed the crime. Thus, his objection on this ground was overruled.

### 5. Intervening Arrest and/or Conviction

Lastly, Boswell argued that his Florida convictions for aggravated battery should not be counted as separate violent felonies because both crimes were charged under the same Information, there was no intervening arrest or conviction, and his convictions were not obtained on separate occasions. The language of § 924(e)(1), however, requires only that the prior felonies be "committed on *occasions* different from one another," not that the legal consequences of his actions were imposed on him on the same day. (emphasis added). The Seventh Circuit has further held that felonies are different from one another if they are "separate and distinct criminal episodes." *United States v. Schieman*, 894 F.2d 909, 913 (7th Cir. 1990). In *Schieman*, the court concluded that the defendant "committed separate crimes against separate victims in separate locations." *Id.* Thus, each offense was a separate crime of violence under ACCA. Moreover, in *Elliot*, the Seventh Circuit held that where a defendant committed three burglaries over the course of five days against three separate victims in three separate locations, each burglary was a separate and distinct crime for ACCA purposes. 703 F.3d at 381.

Likewise, Boswell's aggravated battery convictions are, in fact separate and distinct offenses under ACCA. They were committed on separate days and against separate victims, and

Boswell presented no evidence suggesting that they were part of a single criminal episode. Therefore, Boswell's objection was overruled, and the crimes were counted as separate violent offenses under ACCA.

## DEFENDANT'S OBJECTION REGARDING 4-POINT ENHANCEMENT FOR UNLICENSED SALE OF FIREARMS

Boswell also objected to the four-point enhancement to his offense level pursuant to U.S.S.G. § 2K2.1(b)(6)(B). The PSR stated that Boswell "possessed the firearms in connection with another felony offense, specifically the unlicensed sale of firearms." PSR at § 12. Boswell argued that this particular enhancement should have been proven by a jury and not decided by a judge. He further argued that the facts presented at trial were not sufficient to support the enhancement.

The Court, however, is not required to submit the sentencing enhancement to a jury. *See United States v. Robinson*, 435 F.3d 699, 701-702 (7th Cir. 2006) ("[J]udicial fact-finding in sentencing is acceptable because the guidelines are now nonbinding."). Indeed, the Court acknowledged the advisory nature of the Sentencing Guidelines, and applied the enhancement based on the facts presented at trial.

With regard to the sufficiency of the evidence, the Court also found that the evidence presented at trial (i.e., the video recordings, audio recordings, and witness testimony) satisfied the preponderance of the evidence standard. *See United States v. Tapia*, 610 F.3d 505, 513-14 (7th Cir. 2010). Not only did Boswell possess the guns in question, the evidence revealed that Boswell attempted to sell the guns to another individual—that individual turned out to be a law enforcement official.

For these reasons, the Court overruled Boswell's objection to the four-point enhancement.

SO ORDERED: 11/18/2013

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.